IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID H. YOUNG, | : |
| Plaintiff, | : |
| | : Civil No. 20-781 (RBK/AMD) |
| v. | : |
| | : **OPINION** |
| COUNTY OF GLOUCESTER | : |
| SHERIFF'S DEPARTMENT, COUNTY | : |
| OF GLOUCESTER | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff David H. Young's Brief in Support of Order to Show Cause and Application for Injunctive Relief (Doc. 5). Plaintiff requests that this Court issue an Order directing Defendants County of Gloucester Sheriff's Department and County of Gloucester to Show Cause why preliminary injunctive relief should not issue. For the reasons expressed herein, Plaintiff's request for injunctive relief is DENIED.

**I.      BACKGROUND**

Plaintiff brings suit under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA"), contending that Defendants improperly excluded him from the hiring process for a promotion due to his service in the United States Naval Reserves (Doc. 3, Amended Verified Complaint ("AVC") ¶¶4, 6, 58–59). Plaintiff is an employee of Defendant County of Gloucester Sheriff's Department, where he has worked since June 2007. (*Id*. ¶8.) Plaintiff has also been a member of the United States Naval Reserves since August 2002, and "recently returned from active duty." (*Id*. ¶¶4, 7.)

1

Plaintiff alleges that in 2014, after he returned from three months of active duty, a fellow officer informed him that "Defendants' Undersheriff expressed his resentment over the time Plaintiff was absent due to military orders." (AVC ¶¶10–11.) In 2017, Plaintiff again received active duty orders to report to a Naval Air Station in California from April 2017 through June 2019. (*Id*. 13–16.) Because of the lengthy deployment, Plaintiff sold his New Jersey residence and provided Defendants with his new California address. (*Id.*)

At some point in February 2019, Defendants informed Plaintiff that they would be certifying the promotional list for a Sergeant's position in the Transportation Unit. (AVC ¶¶17–18.) Plaintiff indicated that he was interested in being promoted. (*Id*. ¶19.) Plaintiff states that the process for certification for promotion is that "the Civil Service Commission mails a Notice of Certification to each eligible candidate who has taken and passed the civil service exam for that particular promotional title for the Appointing Authority." (*Id.* ¶22.) If an eligible candidate does not respond to the Notice of Certification within 5 business days, they are removed from the eligibility list. (*Id*. ¶¶23–24.) Once the eligibility list is set, "the Appointing Authority may promote any one of the top three candidates on the list." (*Id.* ¶27.)

Plaintiff alleges that he never received a Notice of Certification in the mail, because "mail forwarding for his prior New Jersey address to his California address had expired." (AVC ¶30.) Thus, because he never responded to the notice, he was excluded from eligibility, despite otherwise being within the top three eligible candidates. (*Id*. ¶¶34–38.) However, Plaintiff contends that Defendants had knowledge of his interest in a promotion based on their February 2019 interaction, and that they further failed to update their records with Plaintiff's new address, resulting in him not receiving the notice. (*Id*. ¶¶31–33.) Plaintiff alleges that he would have been chosen for the position had he not been excluded, because he was the only candidate in the top three with

"Veteran's Preference," a rule meaning that "Plaintiff would have to be selected above a non-Veteran, even if that non-Veteran was above Plaintiff in the top three." (*Id*. ¶¶35–40.)

Plaintiff further contends that he was unable to register for and take a May 2019 Sergeant's promotional examination, again due to Defendant's failure to update his address in their records and send him notice to register for the exam. (AVC ¶¶44–49.) The Civil Service Commission did offer Plaintiff a chance to take a make-up exam in May 2020, but the results would not be retroactive. (*Id*. ¶50.) Because Plaintiff did not take the May 2019 exam, his name is not on the current eligibility list, and he cannot be considered for promotion from that list. (*Id*. ¶53.) Plaintiff anticipates "that promotions from that list are imminent." (*Id*.) Upon returning to employment after his active duty, Plaintiff "was reassigned to a less desirable unit by Defendants, where he is earning less money due to the lack of built-in overtime." (*Id.* ¶54.)

Plaintiff brought suit in January 2020, alleging that Defendants violated USERRA by failing to "recognize and give full effect to Plaintiff's timely written and oral notifications that he was interested in the sergeant's promotion," and "limiting and/or terminating of Plaintiff's access to employee information regarding promotions and testing." (AVC ¶59.) Aside from money damages, Plaintiff requests that this Court "Order Defendants to comply with USERRA by promoting Plaintiff retroactively, and/or prohibiting Defendant from promoting any person off the current Eligibility List until such time as a new list is issued with Plaintiff included." (*Id*.)

Plaintiff included with his Complaint a "Proposed Order to Show Cause," requesting that the Court order Defendants under Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 to show cause as to why the Court should not issue preliminary injunctive relief enjoining Defendants from promoting officers to sergeant until this suit is resolved. (Doc. 3-1.) Plaintiff's proposed order was unaccompanied by a supporting brief, which violated Local Civil Rule 65.1; accordingly, this

Court denied Plaintiff's request on January 24, 2020. (Doc. 4.) Plaintiff now files a brief in support of his request for injunctive relief. (Doc. 5.) This present motion is addressed herein.

## II.     LEGAL STANDARD

Applications for emergency relief are governed by Local Civil Rule 65.1, which provides that "[a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint," but that "[n]o order to show cause . . . will be granted except on a clear and specific showing . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1(a).

To secure the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." *Bragg v. Balicki*, Civ. No. 10-3803, 2011 WL 734705, at *3 (D.N.J. Feb. 22, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). "A plaintiff must establish that all four factors favor preliminary relief." *Bragg*, 2011 WL 734705, at *3 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir.1990)); *Niblack v. Albino*, No. 09-428, 2010 WL 3908539, at *2 (D.N.J. Sept. 28, 2010) (citation omitted).

## III.    DISCUSSION

Plaintiff argues that preliminary injunctive relief is appropriate because there "is no possibility that adequate compensatory or other corrective relief will be available, or make [P]laintiff whole, at the conclusion of litigation." (Doc. 5 at 10.) Plaintiff claims that Defendants "should not be permitted to destroy the circumstances giving rise to the promotional opportunities currently at issue in this case." (*Id*. at 11.)

The Court finds that Plaintiff has failed to demonstrate that irreparable harm would result if a preliminary injunction is not granted. "An irreparable injury is one which cannot be adequately compensated by monetary damages." *Stackhouse v. Pennsylvania State Police*, Civ. No. 01-2223, 2005 WL 8167733, at *1 (M.D. Pa. 2005) (citing *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484–85 (3d Cir. 2000)). The "irreparable harm" Plaintiff alleges here is loss of opportunity caused by failure to promote.

In *Stackhouse*, 2005 WL 8167733, the plaintiff sought preliminary injunctive relief that would enjoin her employer from promoting anyone to her desired rank, in order to ensure that a vacancy remained upon resolution of her case. The Court stated, "no authority has been cited for the proposition that a failure to promote constitutes irremediable harm; indeed, more severe employment actions have been held not to rise to such a level." *Id.* (citing *Moteles v. Univ. of Pa.*, 730 F.2d 913, 919 (3d Cir. 1984)). In *Moteles,* the Third Circuit found that even a discharge from employment does not constitute the irreparable harm required for issuance of a preliminary injunction. 730 F.2d at 919.

Similarly, in *Dietz v. Baker*, 523 F.Supp.2d 407, 425 (D. Del. 2007), the court held that, in a failure to promote context, the irreparable harm "factor weighs heavily against granting injunctive relief." In *Dietz*, the plaintiff sought a preliminary injunction barring her employer from appointing an officer to the vacant position she desired. *Id*. at 424–425. The court found that the plaintiff could not demonstrate irreparable harm, as her losses could "be remedied by appropriate judicial decrees if the plaintiff should prove successful at trial, and such judicial relief may properly include provisions for employment, back-pay, fringe benefits and the like." *Id*. at 425 (citing *Oburn v. Shapp*, 521 F.2d 142, 151 (3d Cir. 1975)).

5

The situation here is factually analogous to those presented in *Stackhouse* and *Dietz*. Like in *Stackhouse*, Plaintiff here has not cited any authority supporting his claim that a failure to promote constitutes irreparable harm. (Doc. 5 at 14.) A "failure to show either likelihood of success on the merits or irreparable harm 'must necessarily result in denial of a preliminary injunction.'" *Dietz*, 523 F.Supp.2d at 424 (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)). Thus, as Plaintiff "has not demonstrated a potential for irreparable harm the court need not analyze the remaining factors for injunctive relief." *Stackhouse*, 2005 WL 8167733 at *2.[1]

## IV. CONCLUSION

Because Plaintiff cannot meet the required factors for preliminary injunctive relief to issue, Plaintiff's motion (Doc. 5) is DENIED. An accompanying Order shall issue.

Dated: 2/3/2020

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] The Court also notes that Plaintiff has not shown that the fourth factor—that the injunction is in the public interest—would be met by ordering the County of Gloucester Sheriff's Department to refrain from promoting its officers. In *Stackhouse*, the court found that enjoining a police department from promoting its officers "would likely contravene the public interest." 2005 WL 8167733 at *2. It based this conclusion on the Third Circuit's holding in *Oburn v. Shapp*, 521 F.2d 142 (3d Cir. 1975), which found "that enjoining of the Pennsylvania State Police from hiring pending resolution of a discrimination case was not warranted because the potential harm to public interest outweighed any potential harm to plaintiffs." *Id*.; *see also Dietz*, 523 F.Supp.2d at 425 (finding that issuing a preliminary injunction barring promotion of officers "is contrary to the public interest because it prevents the efficient function of the [police department], thereby endangering public safety").