# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID YOUNG, | : |
|                 Plaintiff, | :   CIVIL ACTION |
| v. | :   No. 20-781 |
| GLOUCESTER COUNTY SHERRIFF'S DEPARTMENT and COUNTY OF GLOUCESTER, | : |
|                 Defendants. | : |

Goldberg, J.                                                                                                                                        January 19, 2021

## **MEMORANDUM OPINION**[1]

Plaintiff David Young brings this action against his employers Defendants County of Gloucester Sheriff's Department and the County of Gloucester (collectively, "Defendants") pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 34 U.S.C. §§ 4301–4332 ("USERRA"). He alleges that Defendants violated his employment rights following active duty service in the uniformed services by excluding him from consideration from several promotions. Defendants move to dismiss the Amended Complaint in its entirety. For the following reasons, I will deny the Motion.

## I.    FACTUAL BACKGROUND

The following facts are set forth in the Amended Complaint: [2]

---

[1]    I am handling this case through designation as a visiting judge to the District of New Jersey.

[2]    In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), I must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

Plaintiff has been a member of the United States Naval Reserves since August of 2002. In 2007, he began his employment with Defendant as an officer in the Gloucester County Sheriff's Department ("GCSD"), where he has worked full time. (Am. Compl. ¶¶ 7–8.)

In 2014, Plaintiff was on active duty for approximately three months for additional training in the Naval Reserves. At that time, he was informed by a fellow officer at GCSD that Defendants' then-Undersheriff expressed resentment over Plaintiff's absences due to his military responsibilities and stated that Plaintiff would not get anything from the Department by way of additional training or favorable assignments. (Id. ¶¶ 10–11.)

Plaintiff was assigned to the Transportation Unit in the GCSD, where his regular work assignment was eighty-four hours per two-week period. On April 26, 2017,[3] Plaintiff accepted a voluntary recall to active duty with orders to report to Naval Air Station Lemoore, California from April 26, 2017 through April 2019. At that time, Plaintiff notified Defendants of his active duty orders and provided documentation regarding his military deployment. Due to the length of the deployment, Plaintiff sold his home in New Jersey, filed a change of address form with the United States Postal Service, and provided Defendants with written notice of his change of address and his new address in California. (Id. ¶¶ 12–15.)

In February 2019, Plaintiff's deployment was extended to June 2019, which Plaintiff communicated to his supervisor at GCSD, Lieutenant Barry Fell. During that conversation, Lt. Fell informed Plaintiff that Defendants had decided to certify the promotional list for a Sergeant's position in the Transportation Unit. Plaintiff advised Lt. Fell that he was interested in a promotion and that, as soon as he received the Notice of Certification, he would accept and return it. On

---

[3] The Complaint states "April 26, 2019," which appears to be a typographical error.

2

February 13, 2019, Plaintiff contacted the Civil Service Commission to ensure the Commission had his correct address for the Notice of Certification.  (Id. ¶¶ 16–20.)

The process for an Appointing Authority to promote an employee to the rank of sergeant requires that the Appointing Authority request an Eligibility List from the Civil Service Commission.  The Civil Service Commission then (a) issues an Eligibility List of certified eligible candidates and their addresses to the Appointing Authority and (b) mails a Notice of Certification to each eligible candidate who has taken and passed the civil service exam for that particular promotional title for the Appointing Authority.  Thereafter, an eligible candidate has five business days from the notice date on the Notice of Certification to respond to the Appointing Authority that he or she is interested in the promotion.  If an eligible candidate does not respond to a Notice of Certification, his or her name is removed from the Eligibility List.  The Appointing Authority must then, through the use of specific codes, identify each eligible candidate who responded as interested and any eligible candidate who declined or did not respond.  After finalizing the Eligibility List by excluding those who declined or did not respond, the Appointing Authority may promote any one of the top three candidates on the list.  This is known as the "Rule of Three."  The Eligibility List is then returned to the Civil Service Commission to inform it of the selection and the disposition of the list.  An Eligibility List for a firefighter or law enforcement position expires after six months. (Id. ¶¶ 21–29.)

When the Notice of Certification for the position of Sergeant with the GCSD was issued by the Civil Service Commission in February 2019, Plaintiff did not receive the Notice by mail, which he later learned was because the mail forwarding for his prior New Jersey address had expired.  Plaintiff claims that he had already notified Defendants—who were the Appointing Authority—of his interest in the promotion and his intended return to work in June 2019.  Although Plaintiff provided Defendants with his new address, at no time did they update either their records or those

3

of the Civil Service. Moreover, despite his continued employment with Defendants, Plaintiff had no access during his deployment to any emails or notices issued by Defendants to employees because his access to Defendants' email system was terminated. As a result, Plaintiff claims he was unable to respond to the Notice of Certification in a timely manner. According to Plaintiff, this resulted in Defendants excluding him from eligibility without warning or notice. (Id. ¶¶ 30–34.)

In March 2019, the Eligibility List that was issued by Civil Service had the following four eligible candidates in numeric order: (1) Officer Daniels; (2) Officer Senior; (3) Plaintiff with a Veterans Preference; (4) Officer Broadbent with a Veterans Preference. The "Veteran's Preference" on a promotional list means that that candidate would have to be selected above a non-Veteran, even if that non-Veteran was above Plaintiff in the top three. From the March 2019 Eligibility List, the number two person (Officer Senior) was deemed ineligible for not responding to the Notice. The number one person (Officer Daniels) was skipped and the number four person (Officer Broadbent) was selected given his Veteran's Preference. Had Plaintiff not been improperly excluded for failure to timely respond to the Notice of Certification by Defendants, he claims that he would have been selected. (Id. ¶¶ 35–40.)

Upon learning of his ineligibility, Plaintiff again communicated with Lt. Fell about his interest in the promotion and sent a letter to Defendants explaining that he did not receive the prior Notice of Certification but still desired the position. Lt. Fell assured him that more promotions would be made over the summer of 2019. (Id. ¶¶ 41–42.)

As Plaintiff prepared to return from active duty, he obtained access to his County email and learned that an application to take the next Sergeant's examination had opened in August of 2018 and closed in November 2018, and the test was scheduled for May 2019. Plaintiff contacted the Civil Service Commission to inquire as to whether he could submit to take the upcoming Sergeant's examination in May 2019 and, in doing so, learned the Civil Service Commission still did not have

his address corrected in its system. At that time, Plaintiff completed the change of address notification to Civil Service Commission and again updated his address information. Nonetheless, Plaintiff was not permitted to register for and take the May 2019 Sergeant's promotional examination. (Id. ¶¶ 44-49.)

The Civil Service Commission offered Plaintiff the opportunity to take a make-up examination in May 2020, but advised that his results would not be retroactive. No further promotions were made off the Eligibility List which was issued in February 2019 and subsequently expired. A new Eligibility List was issued on or about December 2019 for the examination results from the May 2019 examination, but Plaintiff was not on that list and, therefore, was not eligible for promotion. Upon his return from active duty, Plaintiff was reassigned to a less desirable unit by Defendants, where he is currently earning less money due to the lack of built-in overtime. (Id. ¶¶ 50–54.)

On January 23, 2020, Plaintiff filed suit alleging that Defendants violated USERRA, 38 U.S.C. §§ 4312–13 by (a) failing to recognize and give effect to Plaintiff's timely notifications that he was interested in the sergeant's promotion; (b) limiting and/or terminating Plaintiff's access to employee information regarding promotions and testing; and (c) refusing to reinstate Plaintiff to his former unit, schedule, and overtime pay. As a direct result, he claims to have lost opportunities and substantial salary. (Id. ¶¶ 55–56.)

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The Court of Appeals has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

### III. DISCUSSION

Congress enacted USERRA in 1994 to, *inter alia*, "encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." Carroll v. Del. River Port Auth., 843 F.3d 129, 131 (3d Cir. 2016) (quoting 38 U.S.C. § 4301(a)(1)). USERRA "prohibit[s] discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The operative section of this Act provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment,

6

> reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). An employer violates USERRA if "the person's membership [in the military] is a motivating factor in the employer's action." Id. 4311(c)(1). The employer will not be in violation of the Act, however, if "the employer can prove that the action would have been taken in the absence of such membership." Id.

By its own terms, USERRA "establishes a two-step burden-shifting framework by which to analyze such claims." Murphy v. Radnor Twp., 542 F. App'x 173, 176 (3d Cir. 2013) "First, the plaintiff alleging the discriminatory act bears the initial burden of showing that the 'employee's military service was a substantial or motivating factor in the adverse employment action.'" Id. (quoting Sheehan v. Dep't of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001)). "A motivating factor does not mean that it had to be the sole cause of the employment action. Instead, it is one of the factors that a truthful employer would list if asked for the reasons for its decision. Indeed, [m]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." Id. (quoting Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005)) (alteration in original). A plaintiff "need *not* plead or prove that [he or she is] objectively qualified in order to meet his or her initial burden under USERRA." Carroll, 843 F.3d at 132 (emphasis in original).

Thereafter, if the plaintiff meets his/her burden of showing that military service was a substantial or motivating factor for discrimination, the burden shifts to the employer to prove that, regardless of the plaintiff's military service, it would have taken the adverse action. Murphy, 542 F. App'x at 177. This is a "but for" standard of proof. Id. "All that is meant [by this standard] is that if the [employer] had two reasons for taking an adverse action against the [employee], one of

7

them forbidden by statute and the other not, and the [employer] can show that even if the forbidden one had been absent the adverse action would still have been taken, the [employee] loses. Id. (quoting Madden v. Rolls Royce Corp., 563 F.3d 636, 638 (7th Cir. 2009)). "Under USERRA, the employer does not merely have the burden of producing a legitimate, non-discriminatory reason; rather the employer has the burden of producing a legitimate reason for the adverse employment action that is so overwhelming, 'so compelling,' and 'so meagerly contested' that there is no genuine dispute that the employee would have received the same treatment regardless of his future military obligations." Murphy, 542 F. App'x at 178 (quoting Madden, 563 F.3d at 638). A plaintiff may create an inference of discrimination through circumstantial evidence that involves a variety of factors including "proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with the knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." Id. at 177–78 (quotations omitted).

Here, Plaintiff alleges USERRA violations with respect to (1) the March 2019 promotion; (2) the May 2019 promotional test; and (3) his return to work following his tour of duty. Defendants contend that the Amended Complaint fails to meet Plaintiff's initial burden under USERRA for any of these events.

### A. The March 2019 Promotion

Plaintiff first posits that he was discriminated against based on his military service in connection with the March 2019 promotional opportunity to the position of sergeant. As noted above, the Amended Complaint alleges that in February 2019, Plaintiff was on a deployment in California through June 2019, but had communicated to his supervisor at GCSD, Lieutenant Fell,

that he was interested in an upcoming promotion to sergeant. Although Plaintiff immediately contacted both Defendants and the Civil Service Commission to ensure that his correct address was on file for the Notice of Certification, he never received that Notice either by regular mail or email. As a result, he was unable to respond to the Notice of Certification in a timely manner, which precluded him from being eligible. Defendants now argue that Plaintiff fails to state a claim under USERRA for three reasons.

First, Defendants urge that Plaintiff's concession—that he did not receive the mailed notice from the Civil Service Commission due to a mail forwarding issue—forecloses his claim. They note that New Jersey Administrative Code ("NJAC") 4A:4-3.2e states that, "[i]t shall be the responsibility of an eligible to keep a current address on file with the Civil Service Commission." Id. The Civil Service Commission website further explains that this provision means that "if [an eligible's] address changes at any time during the application and selection process or during the life of an eligible or special reemployment list, [the eligible] is responsible to update [his/her] current mailing address directly with the CSC. If [he/she] fail[s] to do so, [he/she] may not receive notifications to appear for examinations or notifications that your name has been certified for appointment consideration." https://www.state.nj.us/csc/seekers/jobs/announcements/ (last visited Jan. 18, 2021). An eligible employee's failure to update his or her residence information with the Civil Service Commission is a valid basis for removal from the eligibility list and will not be considered in an appeal. Id. Based on this guidance, Defendant argues that Plaintiff's failure to update his address with the Civil Service Commission precludes his USERRA claim.

Plaintiff's claim, however, is somewhat more complex and raises a plausible inference that his failure to receive the Notice resulted directly from Defendants' actions. Plaintiff's Amended Complaint contends that the Undersheriff for GCSD resented Plaintiff's absence due to his armed service and expressly stated that "Plaintiff would not get anything from the Department by way of

9

additional training or favorable assignments due to the military service." (Am. Compl. ¶ 11.) Plaintiff further alleges that, at the time of his deployment, he, in fact, changed his address. (Id. ¶ 15.) Thereafter, in February 2019, when he first learned of the sergeant position becoming available, he contacted the Civil Service Commission to ensure that it had his correct address. (Id. ¶ 20.) In addition, and also in February 2019, Plaintiff alleges that he expressly told Lt. Fell that he was interested in a promotion to sergeant and would accept and return the Notice of Certification when he received it. (Id. ¶ 19.)

Yet, and despite the fact that Defendants were "keenly aware the Plaintiff desired to be considered for promotion," Plaintiff did not receive the Notice of Certification issued in February 2019 purportedly because "mail forwarding for his prior New Jersey address to his California address had expired." (Id. ¶ 30.) Although Plaintiff had provided the Defendants with his new address, Defendants did not update their records or the records of the Civil Service. Even when they received the Eligibility List with Plaintiff's incorrect address on it, they did nothing to correct the Notice, provide the Notice to Plaintiff, or resolve the discrepancy with the Civil Service Commission, which they could have done. (Id. ¶ 33); see N.J.A.C.4A:4-3.8 ("The Civil Service Commission staff may correct an error at any time during the life of an eligible list."). Moreover, even though Plaintiff continued employment with Defendants during his deployment, Defendants terminated his access to email and other systems, which precluded him from receiving notices issued to employees. (Am. Compl. ¶ 32.)

Taking these allegations as true, and in the light most favorable to Plaintiff, I can draw the reasonable inference that Defendants' expressed resentment towards Plaintiff's military service was a substantial or motivating factor in Plaintiff's failure to receive the requisite Notice. Such allegations satisfy Plaintiff's burden at the first step of the USERRA burden-shifting framework.

Defendants' contrary allegations simply raise an issue of fact that is properly considered after discovery.

Second, Defendants contend that dismissal is also warranted because, under New Jersey state law, Plaintiff is required to be a New Jersey resident for purposes of his law enforcement position. See N.J.S.A. 52:14-7(a) ("Every person holding an office, employment, or position . . . with a county municipality, or other political subdivision of the State . . . shall have his or her principal residence in this State . . ."). They posit that failure to maintain such residence is cause for removal from the eligibility list. See N.J.A.C. 4A-4.7(a)(7). Because Plaintiff admits that he moved out of New Jersey, Defendants urge that he would not be eligible for promotion to Sergeant and, thus, cannot maintain a USERRA claim.

Nothing in the section of the New Jersey Statute or Administrative Code identified by Defendants suggests that "residency" for purposes of appointment requires that Plaintiff be a resident at the time the eligibility list is issued or certified. Rather, the residency requirement refers to every person "holding an office, employment or position." Indeed, the Administrative Code appears to recognize that lack of residence due to military leave does not affect eligibility to be certified for a position, as it specifically provides that, "[i]nterested eligible on military leave shall continue to be certified. The appointing authority may consider such eligible immediately available for appointment even though reporting for work may be delayed." N.J.A.C. 4A:4–4.6(a).

Moreover, and perhaps more importantly, the United States Court of Appeals for the Third Circuit has held that a plaintiff "need *not* plead or prove that [he was] objectively qualified" for the sought-after promotions to sustain his USERRA discrimination suit. Carroll, 843 F.3d at 132 (emphasis in original). Rather, a plaintiff meets his or her initial burden simply by showing that military service was "a substantial or motivating factor" in the adverse employment action. Id. Lack of qualifications only becomes relevant at the second step of the USERRA framework. Id. at 132.

11

As such, under explicit Third Circuit precedent, the fact that Plaintiff may not have been qualified for the promotion is not fatal to his USERRA claim and is not grounds for dismissal under Rule 12(b)(6). Id. at 133.

Finally, Defendants contend that Plaintiff's sworn recitation of what occurred with the March 2019 promotion "is so fundamentally incorrect as to basic issues that immediate correction is necessary." (Defs.' Mem. Supp. Mot. to Dismiss 13.) Defendants, however, rely on extensive exhibits attached to their Motion to Dismiss, such as certifications and internal policies. As a general rule, a district court reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "may not consider matters extraneous to the pleadings" without converting the motion into one for summary judgment. In re Burlington Coat Factory Secs. Litg., 114 F.3d 1410, 1426 (3d Cir. 1997). The rule has three exceptions that permit courts to consider: (1) exhibits attached to the complaint; (2) matters of public record; and/or (3) undisputedly authentic documents integral to or explicitly relied upon in the complaint. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Defendants have not demonstrated how any of the evidence to which they cite falls within these exceptions. Therefore, I decline to consider these documents here.[4]

In short, I find that Plaintiff has sufficiently pled a plausible USERRA claim in connection with the March 2019 promotion. Accordingly, I will deny Defendants' Motion on this issue.

---

[4] I note that if other "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When that occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.
Defendants' Motion is styled solely as a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" and makes no suggestion that the motion be converted into one for summary judgment. Moreover, there has been no discovery, and no opportunity for Plaintiff to avail himself of the factfinding process.

### B.     The May 2019 Promotional Test

Plaintiff's second USERRA claim contends that he was discriminated against with respect to the May 2019 promotional test. Specifically, as noted above, as Plaintiff prepared to return from active duty, he obtained access to his County email and learned that an application to take the next Sergeant's examination had opened in August of 2018 and closed in November 2018, and the test was scheduled for May 2019. Plaintiff contacted the Civil Service Commission to inquire as to whether he could submit to take the upcoming Sergeant's examination in May 2019 and, in doing so, learned the Civil Service Commission still did not have his address corrected in its system. At that time, Plaintiff completed the change of address notification to Civil Service Commission and again updated his address information. Nonetheless, Plaintiff was not permitted to register for and take the May 2019 Sergeant's promotional examination. As a result, Plaintiff was not on the December 2019 Eligibility List.

Defendants against seek to dismiss this claim on two grounds. First, Defendants again cite to the residency requirement. For the reasons set forth above, I decline to grant the Motion to Dismiss on this ground.

Second, Defendants repeat their argument that the onus fell on Plaintiff to ensure that the Civil Service Commission had an updated email address on file for any notifications. Claiming that Plaintiff's Amended Complaint "fails to state certain key facts," Defendants cite numerous pieces of evidence outside the Amended Complaint to demonstrate that Defendants never terminated Plaintiff's Sheriff's Office email account, and that Plaintiff could have accessed his email remotely—thereby allowing him to see the notice of the promotional examination. (Defs.' Mem. Supp. Mot. to Dismiss 19, 21.) Defendants' argument again improperly relies on evidence outside the four corners of the Amended Complaint and presents an issue of material fact that is not

13

appropriate for resolution on a motion to dismiss. The Amended Complaint adequately pleads that (a) Defendants expressed resentment towards Plaintiff's military service; (b) both the Civil Service Commission and Defendants failed to correct their records regarding Plaintiff's address; and (c) Plaintiff's access to Defendants' email and other systems had been terminated. Taking such allegations as true—as I must under Federal Rule of Civil Procedure 12(b)(6)—the Amended Complaint gives rise to the plausible inference that Plaintiff's military status was a substantial motivating factor in the alleged adverse actions. Therefore, I will also deny Defendants' Motion to Dismiss this claim.

### C.     Plaintiff's Return to Work

Plaintiff's last claim alleges that "[u]pon his return from active duty, [he] was reassigned to a less desirable unit by Defendants, where he is earning less money due to the lack of built-in overtime." (Am. Compl. ¶ 54.) In its effort to dismiss this claim, Defendants again engage in an extensive recitation of facts and evidence outside the parameters of the Amended Complaint in order to explain how assignments are made and why Plaintiff was not reinstated to his prior position with substantial built-in overtime.

As set forth above, "[i]n considering a motion to dismiss, the district court is . . . bound not to go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016) (internal quotations omitted) (alteration in original). Thus, I decline to consider any of Defendants' arguments regarding this claim. Defendants are free to re-raise such arguments, with the accompanying evidence, in a timely motion for summary judgment. For purposes of Rule 12(b)(6) review at this early stage of the litigation, however, I find that Defendants have failed to prove the absence of a plausible claim for relief.

## IV. CONCLUSION

For all of the foregoing reasons, I will deny Defendants' Motion to Dismiss in its entirety. An appropriate Order follows.